No. 1995.
Second Circuit Appeal.

---

WEST MONROE STATE BANK v. E. G CALVERT

---

(May 9, 1925, Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Pleading—Par. 18 62.**

An exception no cause of action admits the well pleaded facts yet it does not admit mere conclusions in matters of evidence. A petition stating that the plaintiff bank loaned money to one who was not entitled to credit, due to the representation of its vice-president and claims damages from the vice-president, therefore, states matters of fact and not conclusions of law in matters of evidence, and therefore an exception no cause of action will be overruled.

(Civil Code, Art. 2315. Editor's note.)

Appeal from Sixth Judicial District Court of Louisiana, Parish of Ouachita, Hon. Fred. M. Odom, Judge.

This is a suit to recover an amount which the plaintiff bank lost by cashing a worthless check due to the alleged misrepresentation of its vice-president. There was an exception no cause of action filed which was sustained. Plaintiff appealed.

Judgment reversed and case remanded for further proceedings according to law.

Theus, Grishman and Davis, of Monroe, and Sandel and Clark of Monroe, attorneys for plaintiff, appellant.

Hudson, Potts, Bernstein and Sholars, of Monroe, attorneys for defendant, appellee.

CARVER, J. Plaintiff sues defendant for $1400.00 lost by cashing a check purporting to be the cashier's check of an Oklahoma Bank, which check was presented by a party claiming to be Walter K. Johnson, the payee named therein.

The District Judge sustained an exception of no cause of action in a written opinion reading as follows:

"Plaintiff sets up in its petition that defendant is indebted unto it in the sum of $1,400.00 and as a cause of action says, among other things:

" 'About the 18th day of June, 1921, the said E. G. Calvert come into the bank with one whom he introduced to its cashier F. G. Thatcher, * * * as Walter K. Johnson and that the purpose of the said E. G. Calvert in introducing him, said Walter K. Johnson, was for the purpose of identifying him and vouching for him and having him to do business with your petitioner; and he, the said E. G. Calvert, stated to the, said cashier, that the said Walter, K. Johnson had a check which he desired the bank (your petitioner) to handle, and that he, the said E. G. Calvert, had a business transaction with him, the said Walter K. Johnson, who was to pay him $500.00. Whereupon the supposed Walter K. Johnson presented to said cashier a check which purported to be a "cashier's check" * * * for * * * $2,500.000 payable to the order of Walter K. Johnson * * * which he endorsed and requested that he be paid $500.00 in cash and the balance placed to his credit. Whereupon he, the said cashier * * * relying wholly upon the statements and representations of the said E. G. Calvert who was then the vice president of said * * * bank, your petitioner accepted said cashier's check and paid $500.00 in cash and issued a deposit receipt for the balance of $2,000.00; all of which was done in the presence of said E. G. Calvert, and that said * * * subsequently * * * drew $900.00 and * * * said E. G. Calvert presented a check of Walter K. Johnson for $500.00 and was paid said amount * * * and that subsequently the said E. G. Calvert returned the $500.00 which had been paid to him.'"

"And it is further alleged that said check was a forgery and its payment refused and that said purported and supposed Walter K. Johnson was a swindler and disappeared on the same day and has not since been found.

"And in paragraph 4 it is alleged that the said supposed Walter K. Johnson was a stranger to the petitioner and that the cashier would not have paid any money to or given any credit to Johnson but for the statements, representations and directions of the said Calvert who originated said transactions, and that the deal was consummated wholly on his representations and directions."

"And in paragraph 6 it is alleged that said supposed Walter K. Johnson was a stranger to said E. G. Calvert and that he introduced him without knowing who he was or whether the said cashier's check was valid and without making any investigation as to the said supposed Johnson or as to the validity of said check, well knowing that the same would be accepted by the said cashier upon his recommendation and direction; and sets up that petitioner's loss is due wholly to the carelessness and recklessness of said Calvert."

"Defendant has tendered an exception of no cause of action and the only point to be decided by the court, of course, is whether plaintiff's petition discloses a cause of action."

"The pleader has been very specific in his allegations as to what was done and said by defendant, and of course for the purpose of the trial of the exception the allegations of the petition are accepted as true."

"Plaintiff has lost $1,400.00 through its negotiations with the swindler Johnson and it is specifically alleged that 'relying wholly upon the statements and representations of the said E. G. Calvert * * * your petitioner accepted said cashier's check and paid * * * and that said cashiers would not have paid any money to * * * said Johnson * * * but for the statements, representations and directions of said * * * Calvert and that the loss is due wholly and entirely to the recklessness, gross fault, carelessness and negligence of the said E. G Calvert in securing your petitioner to cash said worthless check."

"If the pleader, after setting up its loss on account of the handling of the worthless check, had said no more, about the transaction, than that its loss was caused by the representations and directions of the defendant, and that its conduct was influenced wholly by him, he would, in any opinon, have set out a cause of action.

But his other allegations are fatal to his cause."

"He says the cashier was influenced wholly by what the defendant did and said, and he details what Calvert did and said so that the court knows that it was that influenced the cashier to act as he did. Now has Calvert bound himself in doing what plaintiff said he did?"

"Let's see what he did and said. He went into the bank with one whom he introduced as Walter K. Johnson. So far as the court knows from reading the petition this man was in fact Walter K. Johnson. There is no allegation that defendant misrepresented the facts in this respect. And there is no allegation that plaintiff's cashier accepted the check on the strength of the identity of Walter K. Johnson."

"It does not appear that the name Walter K. Johnson meant anything to the cashier, so that it really doesn't matter whether the man introduced was in fact Walter K. Johnson or not, because plaintiff does not charge that its cashier handled the cashier's check because he had faith in Johnson; and, as stated, for aught the petition discloses, the man introduced was Walter K. Johnson."

"The pleader further says 'that the purpose of said Calvert in introducing supposed Walter K. Johnson was for the purpose of identifying him and vouching for him."

"But how does the court know that, and how did the cashier know that that was defendant's purpose? Let's see what Calvert said. To quote: 'and the said E. G. Calvert stated to the said cashier that the said Walter K. Johnson had a check or draft which he desired the bank to handle, and that he, the said Calvert, had a business transaction with the Walter K. Johnson, who was to pay him $500.00."

According to the petition, that is absolutely all that Calvert said. All of which was true. Johnson had the check and Calvert had a business transaction with him. Inasmuch as plaintiff has pretended to set out what defendant said, what his representations were, the court may assume, I think, that it has set out all he said. Manifestly, therefore, the allegation that 'the purpose of the said E. G. Calvert in introducing the supposed Walter K. Johnson was for the purpose of identifying him and vouching for him' is a statement of the pleader not based upon any fact disclosed

by the petition, except insofar as it may be assumed that inasmuch has he introduced him as Walter K. Johnson he intended to identify the man as Walter K. Johnson. And so far as the allegations show he was in fact Walter K. Johnson. But there is no fact alleged to support the allegation that he intended to vouch for him."

"According to the petition, as soon as defendant introduced the stranger and said he had the check, the stranger presented the check, which was at once accepted by the cashier, without further investigation."

"It does not appear that defendant intended to warrant the verity of the check presented by the stranger, and I do not think the cashier was warranted in thinking so."

"It would seem that the cashier should have made some investigation in order to ascertain if the check was genuine. He could have wired the bank in Oklahoma, which he afterwards did. But it was too late."

"As a matter of law one is not liable to a bank in a case like this. Defendant did no more than introduce the stranger as Walter K. Johnson and told the cashier that Johnson had a check he wanted the bank to handle. He did not by doing that guarantee the payment of the check."

"The court announced, substantially, the above conclusion from the Bench, at the time the exception was submitted. Counsel for plaintiff promised to submit a brief, which he has not done. I think the exception of no cause of action good and it is therefore sustained and it is ordered that plaintiff's suit be dismissed at its costs. (Signed) Fred. M. Odom, Judge. Since the above was written the court has been furnished a brief of authorities and an argument by counsel for plaintiff. But the authorities and the argument do not convince me that the petition sets out a cause of action. Counsel says the suit is based on Article 2315 of the Civil Code which provides that every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it; and he states that 'plaintiff's complaint is not aimed at whether or not the party was Johnson or not, but rather that Walter K. Johnson was the swindler, and that Dr. Calvert assisted him in perpetrating a fraud on the bank *by representing him to be responsible'.*"

"If the defendant represented the party whom he introduced 'to be responsible', most assuredly plaintiff has set out a cause of action. But in that case defendant would be liable, not under Article 2315 of the Code but as warrantor or guarantor."

"*But defendant did not represent him to be responsible.* His failure to do so is precisely what the court has already said was fatal to plaintiff's cause. He merely went into the bank with one whom he introduced as Walter K. Johnson. Let it be said that in doing so he warranted and guaranteed that the stranger was Walter K. Johnson. it is not alleged in the petition nor is it suggested in argument or brief that as a matter of fact the stranger was not Walter K. Johnson. In fact plaintiff says in brief that the complaint is not leveled at that point at all, but that Walter K. Johnson was the swindler; and that Dr. Calvert assisted him in perpetrating a fraud upon the bank *by representing him to be responsible'.*"

"But, as stated, Dr. Calvert did nothing of the kind. All he told the cashier was that the man introduced had a check which he wanted the bank to handle and that he, Dr. Calvert, had had a business transaction with him—all of which was true."

Counsel in brief says:

"All the courts are in harmony that the only essentials to be inquired into are as follows: (1) Were the fraudulent representations made either by words, actions, or conduct? (2) Were such false representations knowingly or negligently or carelessly made, when the party making the representations knew or had reasonable grounds to believe that such representaions made by word or conduct would be relied upon? (3) Did the injured party rely upon such representations made either by word or conduct and did damages result? According to my understanding of the law the above sets out the principles involved in an action like the one here sought to be brought. But everything hinges on the answer to the first query; 'Were fraudulent representations made either by words, actions or conduct?' If there were, then the other two questions must be answered; otherwise: there need be no discussion of the other two. As shown already, no fraudulent representations were made. Therefore according to plaintiff's own argument, there is no liability."

"Plaintiff's counsel, in brief, says in substance that if there is a relation of trust or confidence between parties a greater degree of care and prudence is required than if such relationship did not exist. He no doubt intended to imply that Dr. Calvert holds some office of trust in the bank, in the absence of an allegation in the petition to that effect. Counsel insists that inasmuch as he alleged that the loss to the bank was due to the fault and negligence of defendant, he has set up a cause of action. But he overlooks the fact that the court must construe that allegation and the other allegations of the petition where it is set out just what representations were made by defendant."

"The court holds that defendant made no representations to plaintiff's cashier which are sufficient to hold him liable especially in view of the absence of any allegation that such representations were false."

"The exception is good and it is sustained and plaintiff's suit is dismissed.

(Signed) Fred. M. Odom,
Judge."

In stating, though, that the court could not assume, in the absense of an allegation to that effect, that defendant holds some office of trust in the bank, our learned brother of the lower court evidently overlooked the allegation in paragraph 2 of the petition stating that defendant was, at the time the check was cashed, vice president of the plaintiff bank. This is an office of trust and confidence. It seems to us, too, that although the District Judge did not overlook the allegations about directions in the petition, yet that he did not give sufficient weight to these allegations. It no doubt would have been better pleading for the plaintiff to allege squarely that the check was cashed by the direction of defendant, if such was the fact. In stating, though, as the petition does, that the cashier would not have paid any money to or given said supposed Walter Johnson a deposit receipt but for the statements, representations and direction of the said E. G. Calvert, we think the cashing was done by direction of de-

fendant. The same may be said of allegations elsewhere in the petition where it is interventially stated that Calvert gave directions.

Giving sufficient weight to these allegations, namely, that defendant was vice-president of the bank, especially if he was an active vice-president, we think the petition states a cause of action.

Counsel for defendant argues that while an exception of no cause of action admits the well pleaded facts yet it does not admit mere conclusions of law in matters of evidence and cite many decisions supporting this proposition.

But we think that the allegations to which attention is called are allegations of fact and not mere conclusions of law or matters of evidence.

It is decreed that the judgment of the lower court be reversed and the exception of no cause of action overruled, and the case is remanded for further proceedings according to law.